Sarah Stasch, WSBA #26987
STASCH LAW LLC
33530 First Way South, Suite 102
Federal Way, WA 98003

Of Counsel to
LEMBRG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (253) 253-0539
Facsimile: (253) 253-0701
Email: staschlaw@gmail.com

Attorneys for Plaintiff
Maggie Cohen

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Maggie Cohen,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GC Services, L.P.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Maggie Cohen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Maggie Cohen (hereafter "Plaintiff"), is an adult individual residing in Tukwila, Washington, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through

discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

8. Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

9. The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### GC Engages in Harassment and Abusive Tactics

12. Within the last year, GC called Plaintiff in an attempt to collect the Debt and left voice messages.

13. In its messages, GC failed to identify itself as a debt collector and further failed to state that it was attempting to collect a debt.

**Plaintiff Suffered Actual Damages**

14. Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

18. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

19. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 28, 2018

By: /s/ Sarah Stasch
Sarah Stasch, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Maggie Cohen